RECEIVED
USDC, CLERK, CHARLESTON, S
2008 OCT -1  P 2:

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Randy Tate,                              ) C/A No. 2:08-3221-PMD-RSC
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )
                                         )
Ofc. McClanahan;                         )
Ofc. Hester;                             ) **Report and Recommendation**
Sheriff Bryant; and                      )
Moss Justice Center,                     )
                    Defendants.          )

The Plaintiff, Randy Tate (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the York County Detention Center/Moss Justice Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as Defendants the Moss Justice Center, Sheriff Bryant, and two Detention Center employees.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i),(ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

2

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff states that, on August 31, 2008, Defendant McClanahan stated the following:

> [T]hat if Senator Barrack Obama [were to] succeed and become President that he would put on a white robe with the "Local KKK Chapter" and he would participate in the

assassination of Senator Obama, and, afterward they (him and the KKK) would kill plenty of blacks . . . he would love to have a part in killing "stupid niggers" . . . Also he stated that his name was pronounced "McKLANahan" and he continuously stated that he had a plantation with modern slaves working for him . . .

*See complaint, page three (3).*

Plaintiff further claims that Defendant McClanahan said that black inmates could be killed at the Detention Center and their families would be told the inmates had been trying to escape. Defendant McClanahan is also accused of saying that he did not "feel sorry for no [sic] niggers from North Carolina or South Carolina."

Defendant Bryant is listed as having allegedly told detention center officers that: (1) North Carolina inmates should not receive any breaks; (2) North Carolina inmates should not have crossed the state line; and (3) North Carolina inmates would be sent to prison.

Defendant Hester is named for saying, "I better put on some gloves cause I don't want no [sic] black man germs on me!" This statement was allegedly made by Defendant Hester after Plaintiff asked Defendant Hester to wash his hands and put on gloves prior to serving Plaintiff's food.

Plaintiff seeks monetary damages and further asks the Court to "notify the FBI and Secret Service Agents [to] make them aware of the plot to assassinate Senator Barrack Obama, and to send in the FBI to investigate Moss Justice Center."

Discussion

Plaintiff claims that Defendants McClanahan and Hester have made discriminatory remarks toward Plaintiff based on his race and that Defendant Bryant has made biased remarks regarding residents of North Carolina. In some instances, claims of racial discrimination may be actionable. *See Battle v. Davis*, No. 93-7328, 1994 WL 249480 (4th Cir. June 9, 1994)citing *Rivers v. Royster*, 360 F.2d 592 (4th Cir. 1966). However, "[a]s a general rule, verbal abuse of inmates by guards, without more, does not state a constitutional claim. *Tokley v. Ratliff*, Civil Action No. 7:07CV00109, 2007 WL 1046955 (W.D.Va. April 3, 2007)citing *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C. 1990)(collecting cases). Thus, while the Defendants' statements, if true, are highly unprofessional and inappropriate, such statements, alone, do not rise to the level of a constitutional violation.

It also appears that Plaintiff may have deemed the Defendants' comments as a threat of harm, which, if combined with action designed to carry out the threat, could state an Eighth Amendment claim. *See Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir. 1978); *McNeill v. Jones*, No. 5:02-CT-252-BO, 2003 WL 24069842, at *2 (E.D.N.C. March 25, 2003). However, in the instant case, Plaintiff provides no indication that any of the Defendants took action to carry out their verbal statements. Since "'[m]ere threatening language and gestures of a custodial officer do not,

even if true, amount to constitutional violations,'" *Morrison*, 755 F. Supp. at 687(citation omitted), the Defendants' alleged statements, even if construed as threats, do not trigger a cognizable constitutional claim.

Finally, Plaintiff's claim against the Moss Justice Center must fail because this Defendant is not amenable to suit under 42 U.S.C. § 1983. In order to state a claim for damages under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." The Moss Justice Center is a facility used to house prisoners and detainees. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. Hence, the Moss Justice Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999), *overruled on other grounds*, *Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)("[T]he Piedmont Regional Jail is not a 'person,' and

therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). As the Moss Justice Center is not a proper Defendant in this § 1983 action, it is entitled to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

October 1, 2008
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).