# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Tate, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 2:08-CV-3221-PMD-RSC |
| v. ) | |
| ) | |
| Ofc. McClanahan; Ofc. Hester; ) | **ORDER** |
| Sheriff Bryant; and Moss Justice ) | |
| Center, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Randy Tate's ("Plaintiff") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that the court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## PLAINTIFF'S COMPLAINT

Plaintiff, a detainee at the York County Detention Center/Moss Justice Center, brings this action pursuant to 42 U.S.C. § 1983. In his *pro se* Complaint, Plaintiff alleges that, on August 31, 2008, Defendant McLanahan stated the following:

> [I]f Senator Barrack Obama [were to] succeed and become President that he would put on a white robe with the "Local KKK Chapter" and he would participate in the assassination of Senator Obama, and, afterward, they (him and the KKK) would kill plenty of blacks, because killing Senator Obama would create a uprising of blacks and he would love to have a part in killing "stupid niggers." Also, he stated that his name was pronounced "McKLANahan" and he continuously stated that he had a plantation with modern slaves working for him.

(Complaint at 3.) Plaintiff further claims that Defendant McClanahan said that black inmates could be killed at the Detention Center and their families would be told the inmates had been trying to escape. Defendant McClanahan is also accused of saying that he did not "feel sorry for no niggers from North Carolina or South Carolina." (*Id.*) Plaintiff also claims that Officer McClanahan said that Sheriff Bryant said that "any inmate from North Carolina is to be given no breaks, and that any one of them North Carolina inmates will be sent to prison regardless because they shouldn't have crossed the state line." (*Id.*) Apparently after Plaintiff asked Defendant Hester to wash his hands and put on gloves prior to serving Plaintiff's food, Defendant Hester allegedly responded that he "better put on some gloves cause I don't want no black man germs on me." (Complaint at 4.) Plaintiff seeks monetary damages and further asks the court to "notify the FBI and Secret Service Agents [to] make them aware of the plot to assassinate Senator Barrack Obama, and to send in the FBI to investigate Moss Justice Center." (Complaint at 5.)

## **STANDARD OF REVIEW**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those

drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **ANALYSIS**

Plaintiff filed this action *in forma pauperis* under 28 U.S.C. § 1915. This section permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Supreme Court has held that:

> the *in forma pauperis* statute, unlike Rule 12(b)(6), "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Pursuant to this statute, the Magistrate Judge reviewed Plaintiff's complaint and recommended that it be dismissed, without prejudice, for failure to state a claim upon which relief may be granted. (R&R at 8.)

First, the court notes that Plaintiff did not specifically object to the Magistrate Judge's recommendation that Plaintiff's claims against the Moss Justice Center must fail because it is not a "person" amenable to suit under 42 U.S.C. § 1983. Therefore, the court is not required to give any explanation for adopting it. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff

3

did object to the Magistrate Judge's recommendation that his complaint be dismissed as against Defendants McClanahan and Sheriff Bryant. He argues that Officer's McClanahan's statement "was highly unprofessional and inappropriate [and] did rise to the level of a constitutional violation. . . . Even though his statement didn't do physical harm, it did do emotional and psychological damage. That's a clear violation of constitutional rights." (Objections at 1.) The court disagrees and adopts the Magistrate Judge's recommendation. "Subjection of a prisoner to verbal abuse or profanity does not arise to the level of a constitutional deprivation." *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C. 1990), *aff'd*, 917 F.2d 1302 (4th Cir. 1990). Thus, while Defendants' statements, if true, are highly unprofessional and inappropriate, such statements, alone, do not rise to the level of a constitutional violation. To the extent Plaintiff alleges that he deemed Defendants' comments as a threat of harm, Plaintiff has provided no indication that any of the Defendants took action to carry out their verbal statements. Again, "[t]he law is clear that mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *Morrison*, 755 F. Supp. at 687 (internal quotation omitted).

## CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** that Plaintiff's Complaint is **DISMISSED**, without prejudice, and without service of process.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**April 7, 2009**
**Charleston, SC**